UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRANDON LEON KING

VERSUS

INTERSTATE HOTELS AND RESORT

CIVIL ACTION

NO. 15-779-JJB-RLB

## RULING

This matter is before the Court on a Motion to Dismiss (Doc. 12) brought by the defendant, Interstate Hotels and Resort ("Interstate").[1] The plaintiff, Brandon Leon King ("King"), filed an opposition[2] (Doc. 17) and the defendant filed a reply brief (Doc. 21). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendant's Motion to Dismiss (Doc. 12) is **DENIED** without prejudice to refiling after the plaintiff amends his complaint.

### I.  BACKGROUND

In February 2014, King began working for Interstate as a front office supervisor. In July 2014, King attended a concert in New Orleans with his supervisor. Based upon allegations of unwanted advances the supervisor allegedly made towards King, he asserts claims of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). *See Am. Compl.*, Doc. 5.

---

[1] The defendant asserts that the plaintiff improperly named "Interstate Hotels and Resort" as the defendant in this matter. *Def.'s Supp. Mem.* 1 n.1, Doc. 12-1. The defendant asserts that the proper defendant is "Interstate Management Company, LLC," because at all relevant times the plaintiff was employed by that entity. For the purposes of this ruling, the Court will refer to the defendant as "Interstate."

[2] The plaintiff's Opposition is entitled "Memorandum of Law in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiffs' Motion for Summary Judgment." However, the plaintiff has not filed a "motion for summary judgment," nor has he filed the required statement of uncontested material facts. To the extent the "Opposition" purports to be a "motion for summary judgment," it is denied because the motion itself plainly reveals there are numerous facts in dispute and summary judgment is therefore inappropriate at this time.

On November 19, 2015, King filed a *pro se* Complaint, which included King's Notice of Dismissal and Right to Sue issued by the Equal Employment Opportunity Commission ("EEOC") and related EEOC Charge documents. *See Compl.*, Doc. 1. King did not, however, complete the Court's EEOC Complaint Form. This Court subsequently ordered King to amend his Complaint and include Parts 1, 3, 4 and 5 of the Court's EEOC Complaint Form within 30 days. *See Order* 1–2, Doc. 4.

King then filed an Amended Complaint, which consists of the EEOC Complaint Form and attached Exhibits, purporting to assert claims under Title VII. *See Am. Compl.*, Doc. 5. In a section dedicated to a narrative of the facts, the Amended Complaint merely refers to "Attached." *See Am. Compl.* 2, Doc. 5. The attachments include: (1) an EEOC letter acknowledging receipt of the plaintiff's charge; (2) the first page of the plaintiff's EEOC Charge of Discrimination; and (3) Eight photographs (one photograph of an empty table, six photographs of food items in a refrigerator, and one photograph of a man and a woman). *See Am. Compl.*, Ex. 1 at 1–2, Doc. 5-2; Ex. 2 at 1–8, Doc. 5-2. The only attached document containing a factual narrative was the plaintiff's EEOC Charge of Discrimination, which states in its entirety:

> I began my employment with Interstate Hotels and Resorts, on February 17, 2014, most recently as a Front Office Supervisor earning $11.65 per hour. On July 20, 2014, Ms. Jessica Mitchell, General Manager, and I attended a concert in New Orleans. She also asked me to book two rooms under my name and said everything was on her adding that she did not want everyone to know. I felt obligated because she is the boss. She would send me texts with hearts and would call me honey, baby and love. She also wanted us to go to lunch and dinner together. I would decline most of the time, but she was the boss. It was after this concert, I dropped her from my facebook page, and that is when I noticed a change in Ms. Mitchell. I am not attracted to her, and so I backed off from her. This is when she started to slander my name to the staff. I told her that I just wanted to do my job, and nothing more. I spoke with Mr. Brad Dew, Area Manager, about Ms. Mitchell, and her efforts to turn the staff against me, because I would not be with her. Mr. Dew did nothing. While I was away at training, employees used my office refrigerator. When I

returned, I found the employees [sic] food in the refrigerator was spoiled and outdated, so I tossed it. Mr. Dew said that I had crossed the line, and [end of page][3]

*Am. Compl.*, Ex. 1 at 2, Doc. 5-2.

The defendant brings the instant Rule 12(b)(6) Motion to Dismiss, arguing that the factual allegations in the complaint are insufficient, and therefore the plaintiff has failed to state a claim upon which relief can be granted for sex discrimination or retaliation. *Def.'s Mot. to Dismiss* 1, Doc. 12.

## II.     RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a pleading that fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual content from which the Court may draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, the Court accepts all well-pleaded, non-conclusory facts in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). The Court may consider the complaint itself as well as documents attached to the complaint or documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007). While a *pro se* plaintiff is held to less stringent standards than lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)

---

[3] In the plaintiff's original complaint (Doc. 1) the attached EEOC Discrimination Charge was two pages in length, and the second page contained additional factual allegations. Because an amended complaint replaces the original complaint, *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 302 (5th Cir. 1989), the Court considers only the factual allegations contained within or incorporated by reference to the amended complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

(quoting *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

### III. DISCUSSION

#### A. Sex Discrimination

Title VII prohibits employers from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment," because of such individual's sex. 42 U.S.C. § 2000e-2(a)(1); *Shepherd v. Comptroller of Pub. Accounts of State of Tex.*, 168 F.3d 871, 873 (5th Cir. 1999). Harassment is a form of discrimination affecting terms, conditions, and privileges of employment. *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 63–64 (1986). There are two forms of harassment: quid pro quo and hostile work environment. *See Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002).

For the reasons stated in the defendant's brief, the Court finds that the plaintiff has failed to state a claim upon which relief may be granted as to both forms of harassment. *See Def.'s Supp. Mem.* 5–7, Doc. 12-1. Specifically, the Court agrees that the plaintiff did not allege that the defendant took any tangible employment action that was conditioned on sexual favors; therefore, the plaintiff does not have a claim for quid pro quo harassment. *Id.* at 5–6. The Court also agrees that the plaintiff's hostile work environment claim fails because the plaintiff has not plead facts from which one could plausibly infer that the conduct affected any term, condition, or privilege of employment; the facts are also insufficient to plausibly infer that he was subjected to the type of severe and pervasive sexual harassment for which Title VII provides relief. *Id.* at 6–7.

#### B. Retaliation

Title VII prohibits discrimination against an employee in retaliation for the employee's opposition to the employer's illegal discrimination practices or participation in Title VII

enforcement proceedings. 42 U.S.C. § 2000e-3(a). To state a claim of retaliation under Title VII that survives a motion to dismiss, a plaintiff must allege facts that show: (1) he engaged in statutorily protected conduct; (2) he suffered adverse employment action; and (3) there is "some causal relation" between the two events. *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001). An individual engaged in a "protected activity" if the individual: (i) made a charge, testified, assisted or participated in any manner in an investigation or hearing under Title VII; or (ii) opposed any practice made an unlawful employment practice by Title VII. *Haynes v. Pennzoil Co.*, 207 F.3d 296, 299 (5th Cir. 2000) (citing 42 U.S.C. § 2000e-3(a)).

For the reasons stated in the defendant's brief, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted as to his retaliation claim. *See Def.'s Supp. Mem.* 7–8, Doc. 12-1. The Court agrees with the defendant that the plaintiff has failed to allege sufficient facts from which one could plausibly infer that that he engaged in statutorily protected conduct or that he suffered any adverse employment action. *Id.*

### C. Leave to Amend

After a plaintiff has amended his complaint once as of right, he may amend again "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may consider factors such as undue delay, repeated failures to cure deficiencies with prior amendment, and futility of amendment when exercising its discretion to deny a motion to amend. *Davis v. United States*, 961 F.2d 53, 57 (5th Cir.1991). Although in the instant case King has already had one opportunity to amend his complaint, the Court finds that another amendment will not cause undue delay nor will it be futile. Therefore, the Court will grant the plaintiff leave to amend his complaint (using the attached form), to be filed within 21 days.

**IV.   CONCLUSION**

For the reasons stated above, the defendant's Motion to Dismiss (Doc. 12) is **DENIED** without prejudice to refiling after the plaintiff amends his complaint. The plaintiff is granted leave to amend his complaint (using the attached form), which shall be filed within 21 days.

Signed in Baton Rouge, Louisiana, on May 2, 2016.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**