UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRANDON LEON KING

CIVIL ACTION

VERSUS

NO. 15-779-JJB-RLB

INTERSTATE HOTELS AND RESORTS

## RULING

This matter is before the Court on a Motion to Dismiss (Doc. 27) brought by the defendant, Interstate Hotels and Resorts ("Interstate").[1] The plaintiff, Brandon Leon King ("King"), filed an opposition[2] (Doc. 30) and the defendant filed a reply brief (Doc. 31). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendant's Motion to Dismiss (Doc. 27) is **GRANTED in part and DENIED in part**.

## I.    BACKGROUND

In February 2014, King began working for Interstate as a front office supervisor. In July 2014, King attended a concert in New Orleans with his supervisor. Based on allegations of unwanted advances by his female supervisor towards him, King filed the instant action asserting claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as slander. *See Second Am. Compl.* 5, Doc. 26; *Attach. to Second Am. Compl.*, Doc. 26-1, at 8.

On November 19, 2015, King filed a *pro se* Complaint, which included his Notice of Dismissal and Right to Sue issued by the Equal Employment Opportunity Commission ("EEOC")

---

[1] The defendant asserts that the plaintiff improperly named "Interstate Hotels and Resorts" as the defendant in this matter. *Def.'s Supp. Mem.* 1 n.1, Doc. 27-1. The defendant asserts that the proper defendant is "Interstate Management Company, LLC," because at all relevant times the plaintiff was employed by that entity. *Id.* For the purposes of this ruling, the Court will refer to the defendant as "Interstate."

[2] Although the document is entitled, "Plaintiff's Motion to Dismiss Defendant's Motion for Dismissal," the substance of the plaintiff's motion is an opposition to the defendant's motion to dismiss. Therefore, the Court treats the plaintiff's "motion to dismiss" (Doc. 30) as an opposition.

and related EEOC Charge documents. *See Compl.*, Doc. 1. King did not, however, complete the Court's EEOC Complaint Form. *Id.* The Court subsequently ordered King to amend his Complaint and include Parts 1, 3, 4 and 5 of the Court's EEOC Complaint Form within 30 days. *See Order* 1–2, Doc. 4.

King then filed an Amended Complaint, which purported to assert claims under Title VII and consisted of the EEOC Complaint Form and attached Exhibits. *See First Am. Compl.*, Doc. 5. In a section dedicated to a narrative of the facts, the First Amended Complaint merely referred to "Attached." *See First Am. Compl.* 2, Doc. 5. The attachments included: (1) an EEOC letter acknowledging receipt of the plaintiff's charge; (2) the first page of the plaintiff's EEOC Charge of Discrimination ("EEOC Charge"); and (3) eight photographs (one photograph of an empty table, six photographs of food items in a refrigerator, and one photograph of a man and a woman). *See First Am. Compl.*, Ex. 1 at 1–2, Doc. 5-2; Ex. 2 at 1–8, Doc. 5-2. The EEOC Charge included a single paragraph describing King's relationship with his supervisor and a dispute regarding food in an office refrigerator. *First Am. Compl.*, Ex. 1 at 2, Doc. 5-2.

Interstate then moved to dismiss King's claims for sex discrimination and retaliation pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Def.'s Mot. to Dismiss* 1, Doc. 12. The Court previously ruled that King's First Amended Complaint failed to state a claim upon which relief may be granted as to King's claims for sex harassment and retaliation. *See Ruling* 4–5, Doc. 25. The Court exercised its discretion to grant King leave to amend his complaint using a form provided by the Court. *Id.*

Thereafter, King filed a Complaint for Employment Discrimination (Doc. 26) ("Second Amended Complaint"). Attached to the Second Amended Complaint are: (1) an EEOC Charge and related documents; (2) a medical record; (3) a description of King's claim (referring back to

2

Section III of the complaint form, "Statement of Claim"); and (4) a list of King's proposed damages. *See Attach. to Second Am. Compl.*, Doc. 26-1, at 1–9. In short, there are two relevant portions of the attachment to the Second Amended Complaint: the EEOC Charge and King's description of his claims.[3] King's EEOC Charge of Discrimination states in its entirety:

> I began my employment with Interstate Hotels and Resorts, on February 17, 2014, most recently as a Front Office Supervisor earning $11.65 per hour. On July 20, 2014, Ms. Jessica Mitchell, General Manager, and I attended a concert in New Orleans. She also asked me to book two rooms under my name and said everything was on her adding that she did not want everyone to know. I felt obligated because she is the boss. She would send me texts with hearts and would call me honey, baby and love. She also wanted us to go to lunch and dinner together. I would decline most of the time, but she was the boss. It was after this concert, I dropped her from my facebook page, and that is when I noticed a change in Ms. Mitchell. I am not attracted to her, and so I backed off from her. This is when she started to slander my name to the staff. I told her that I just wanted to do my job, and nothing more. I spoke with Mr. Brad Dew, Area Manager, about Ms. Mitchell, and her efforts to turn the staff against me, because I would not be with her. Mr. Dew did nothing. While I was away at training, employees used my office refrigerator. When I returned, I found the employees [sic] food in the refrigerator was spoiled and outdated, so I tossed it. Mr. Dew said that I had crossed the line, and fired me. On October 23, 2014, I was discharged from the company. The company employs over 15 persons.

> According to the company, I was fired for disposing of employees food out of a refrigerator that was in my office, and for accepting $20 from a guest for a discount form.

> I believe I have been discriminated against because of my sex, Male, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Attach. to Second Am. Compl.*, Doc. 26-1, at 1–2. King's description of his claims states:

> The Plaintiff was subjected to retaliation, sexual harassment, and slander. Etc. in the worst way. The Plaintiff has submitted witness statements as well to the court of the hostile work environment conditions Mr. King endured. Also the EEOC review the voice recording as proof of the unwanted sexual content that the Plaintiff was forced to endure at the workplace by Jessica Mitchell during meetings, text

---

[3] The factual narratives are found within an attachment to the Second Amended Complaint, which are referenced within the Second Amended Complaint. Thus, these factual narratives are properly considered by the Court in ruling on this Rule 12(b)(6) motion. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007) (stating that a Court may consider the factual allegations contained within or incorporated by reference to the amended complaint).

3

messages, phone calls, on the job, social media etc. The Plaintiff's managed to retrieve the voice recording and provide the recording to the EEOC. Jessica Mitchell introduces Mr. King's, on tape, to a hostile work environment while being forced to answer question concerning sex during a management meeting. The Vice President of Operations (Brad Drew) confirmed that the recording other associates was a violation of company policy to the Plaintiff via email, but did nothing to Ms. Mitchell for the violation. (see Plaintiff exhibits). Plaintiff was repeatedly violated by Ms. Mitchell and Interstate Hotels and Resorts did nothing to protection his rights (Title VII of Civil Rights Act of 1964) except subject Mr. King to further violations.

*Attach. to Second Am. Compl.*, Doc. 26-1, at 8.

Interstate brings the instant Rule 12(b)(6) Motion to Dismiss (Doc. 27), arguing that the factual allegations in King's Second Amended Complaint are again insufficient to state a claim upon which relief can be granted for slander, sex discrimination, or retaliation. *See Def.'s Supp. Mem.* 4, Doc. 27-1.

## II.   RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a pleading that fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual content from which the Court may draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, the Court accepts all well-pleaded, non-conclusory facts in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). The Court may consider the complaint itself as well as documents attached to the complaint or documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007). While a *pro se* plaintiff is held to less stringent standards than lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)

(quoting *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

## III.   DISCUSSION

### A.   Slander

In order to state a claim for slander, a form of defamation, a plaintiff must allege: (1) a defamatory statement concerning another; (2) falsity of the statement; (3) an unprivileged publication to a third party; (4) fault (negligence or greater) on the part of the publisher; and (5) resulting injury. *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004).

Here, the plaintiff states in the EEOC Charge that his supervisor "started to slander my name to the staff." *Attach. to Second Am. Compl.*, Doc. 26-1, at 1. The plaintiff does not identify any defamatory statements, nor does he allege that any statement made about him was false. Moreover, he does not indicate how the alleged slander injured him. In his opposition (Doc. 30), the plaintiff argues that Interstate slandered him by: (1) asking its own employees questions about him; and (2) submitting a position statement (allegedly containing "untruths") to the EEOC. *See Pl.'s Opp'n* 5–6, Doc. 30. However, the plaintiff may not cure his deficient pleading through arguments in briefs. Accordingly, the Court finds that King has failed to state a claim upon which relief may be granted as to his slander claim.

### B.   Sex Discrimination

Title VII prohibits employers from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment," because of such individual's sex. 42 U.S.C. § 2000e-2(a)(1); *Shepherd v. Comptroller of Pub. Accounts of State of Tex.*, 168 F.3d 871, 873 (5th Cir. 1999). Harassment is a form of discrimination affecting terms, conditions, and privileges of employment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 63–64

5

(1986). There are two forms of harassment: *quid pro quo* and hostile work environment. *See Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002).

To state a claim for *quid pro quo* harassment, a plaintiff must establish that: (1) he suffered a tangible employment action that (2) resulted from his acceptance or rejection of a supervisor's alleged sexual advances. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 753–54 (1998). Meanwhile, to state a claim of hostile work environment, a plaintiff must establish that: (1) he belongs to a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment complained of affected a term, condition or privilege of employment; and (5) the employer knew or should have known about the harassment and failed to take proper action. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 320 (5th Cir. 2009). To affect a term, condition or privilege of employment, the harassment "must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002).

Here, the Court finds that the factual narratives contained in the entire EEOC Charge[4] and the attached description of his claims are sufficient to state a claim upon which relief may be granted as to both forms of harassment. Specifically, the plaintiff has adequately alleged *quid pro quo* harassment because he alleges that he was terminated after he rejected his supervisor's sexual advances. *See Attach. to Second Am. Compl.*, Doc. 26-1, at 1–2. Additionally, the plaintiff has adequately alleged a hostile work environment claim because he alleges that his supervisor made comments of a sexual nature to him in text messages, phone calls, on the job, and via social media. *See Attach. to Second Am. Compl.*, Doc. 26-1, at 8. The plaintiff also alleges that his supervisor

---

[4] In this Court's prior ruling, it only considered the first page of the EEOC Charge because that was all that was attached to King's First Amended Complaint. In the Second Amended Complaint, King attached a second page of the EEOC Charge.

forced him to answer questions about sex during meetings. *Id.* Viewing these factual allegations in a light most favorable to the plaintiff, one could plausibly infer that his supervisor's conduct affected a term, condition, or privilege of the plaintiff's employment. Moreover, the facts are sufficient to plausibly infer that the plaintiff was subjected to the type of severe and pervasive sexual harassment for which Title VII provides relief. *Id.*

### C.     Retaliation

Title VII prohibits discrimination against an employee in retaliation for the employee's opposition to the employer's illegal discrimination practices or the employee's participation in Title VII enforcement proceedings. 42 U.S.C. § 2000e-3(a). To state a claim of retaliation under Title VII, a plaintiff must allege facts that show: (1) he engaged in statutorily protected conduct; (2) he suffered an adverse employment action; and (3) there is "some causal relation" between the two events. *Evans v. City of Hous.*, 246 F.3d 344, 352 (5th Cir. 2001). An individual engaged in a "protected activity" if the individual: (i) made a charge, testified, assisted or participated in any manner in an investigation or hearing under Title VII; or (ii) opposed any practice made an unlawful employment practice by Title VII. *Haynes v. Pennzoil Co.*, 207 F.3d 296, 299 (5th Cir. 2000) (citing 42 U.S.C. § 2000e-3(a)).

In ruling on Interstate's first Motion to Dismiss, this Court previously held that King failed to state a claim upon which relief may be granted with respect to his claim for retaliation. *See Ruling* 4–5, Doc. 25. Specifically, the Court held that King failed to allege facts from which one could plausibly infer that he engaged in a protected activity or that he suffered any adverse employment action. *Id.* at 5. Here, King's Second Amended Complaint cures these deficiencies. First, the Second Amended Complaint alleges that the plaintiff opposed his supervisor's sexual harassment by reporting it to the Area Manager, Brad Dew. *See Attach. to Second Am. Compl.*,

Doc. 26-1, at 1–2. Taken as true, and in a light most favorable to the plaintiff, this factual allegation sufficiently states that the plaintiff engaged in statutorily protected conduct by opposing sexual harassment. Second, the Second Amended Complaint also alleges that the plaintiff suffered an adverse employment action because the plaintiff was terminated. *See id.* Finally, given the facts alleged in the Second Amended Complaint, one could plausibly infer that there is some causal connection between the two events. Therefore, the plaintiff has adequately pleaded a retaliation claim.

**IV.    CONCLUSION**

For the reasons stated above, the defendant's Motion to Dismiss (Doc. 27) is **GRANTED in part and DENIED in part**. Specifically, the defendant's Motion is **GRANTED** as it pertains to the plaintiff's claim for slander, and **DENIED** as to the plaintiff's claims for sex discrimination and retaliation.

Signed in Baton Rouge, Louisiana, on July 25, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**